**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**DONALD G. COUSINEAU,**

Plaintiff,

v.

**NORSTAN, INC.,**

Defendant.

Civil No. 00-1113 (PAM/JGL)

**O R D E R**

APPEARANCES

Nicholas May, Esq., for Plaintiff.
Patricia Bloodgood, Esq., for Defendant.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on May 14, 2001, on Plaintiff's Motion to Compel Defendant's Expert Deposition (Doc. No. 14). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

In this motion, Plaintiff seeks to compel a second deposition of Defendant's damages expert, Arthur Cobb, for the purpose of obtaining calculations Mr. Cobb agreed to provide at his previous deposition on March 23, 2001. During the deposition, Plaintiff's counsel asked Mr. Cobb to assume certain facts from

MAY 14 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff's perspective and perform new calculations using those assumptions. Mr. Cobb refused to perform the calculations during the deposition, implying he felt uncomfortable doing so on the spot. Nevertheless, Mr. Cobb agreed to prepare and deliver the calculations the following week, and Defendant's counsel at the deposition, Eric Tostrud, also agreed to these arrangements. The timing was based on Plaintiff's counsel's representation that he needed the information before the summary judgment motion filing deadline.

Mr. Cobb did not deliver the calculations. When Plaintiff's counsel contacted Defendant's lead counsel, Patricia Bloodgood, she responded, "I do not plan to get you the calculation. I also do not plan to have Norstan's expert do calculations for you. You will have to ask your expert to do that." (Pl. Ex. 2.)

Defendant opposes Plaintiff's motion to compel the second deposition and additional calculations. While Plaintiff is entitled to discovery regarding the opinions reached by Mr. Cobb, Defendant submits that Federal Rule of Civil Procedure 26 does not require Mr. Cobb to prepare essentially a new report based on new parameters and assumptions where Mr. Cobb made clear that he could not do so during the deposition. As to Mr. Cobb and Mr. Tostrud's representation that Mr. Cobb would provide the calculations, Defendant suggests the agreement was invalidated because Plaintiff's counsel took unfair advantage of Defendant's lead counsel's absence and misrepresented the summary judgment motion filing deadline.

## II. DISCUSSION

Federal Rules of Civil Procedure 26(a)(2) and 26(b)(4) govern the discovery of expert witnesses whose opinions may be presented at trial. Rule 26(a)(2)(B) contemplates the disclosure of an expert's opinions, including the written report containing the opinions and the basis and reasons therefor, the information considered in forming the opinions, any supporting exhibits, the witness's qualifications, and the expected compensation. Rule 26(b)(4)(A) allows for depositions of experts who may testify at trial.

It is undisputed that a party should be permitted to obtain all information relating to an expert's opinion and the facts and analysis on which it is based. However, a party should not be allowed in a deposition to offer new facts to an opponent's expert and require the expert to formulate a new opinion after the deposition has been concluded. When a party deposes an opponent's expert witness, the scope of the deposition is limited to facts known and opinions held by the expert, not opinions to be generated after the deposition based on new facts provided at the deposition. To allow otherwise would unacceptably expand the scope of expert depositions beyond the expert disclosures contemplated by Rule 26. In addition, obtaining calculations from Mr. Cobb which are based on assumptions from Plaintiff's perspective would provide Plaintiff with no new evidence. Plaintiff has his own damages expert who will provide an opinion based on Plaintiff's facts.

As to the arrangement to provide the calculations subsequent to the deposition, the Court does not find it dispositive of this dispute. Plaintiff's claim that he "released" Mr. Cobb from the deposition only because Mr. Cobb indicated he could complete the computations if given more time does not change the fact that Rule 26 did not require Mr. Cobb to comply with the request in the first place. It is apparent from Plaintiff's memorandum that he is not making a contractual entitlement to the calculations; he has failed to provide any supporting legal authority and only cursorily mentions "the agreement." Accordingly, the Court declines to decide the issue based on contractual considerations.

For all of the above reasons, Plaintiff's motion to compel the deposition of Mr. Cobb is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Defendant's Expert Deposition (Doc. No. 14) is **DENIED**.

Dated: May 14, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge