UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1113 (DSD/JGL)

Donald G. Cousineau,

Plaintiff,

v. **ORDER**

Norstan, Inc.,

Defendant

James H. Kaster, Esq., Nicholas G.B. May, Esq., and Nichols, Kaster & Anderson, 4644 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, counsel for plaintiff.

Patricia A. Bloodgood, Esq., Eric C. Tostrud, Esq., and Lockridge Grindal Nauen, 100 Washington Avenue South, Suite 200, Minneapolis, MN 55401, counsel for defendant.

This matter is before the court on defendant's objections to Magistrate Judge Jonathan Lebedoff's report and recommendation, dated September 10, 2001 [Docket No. 52]. In his report, the magistrate judge recommended that plaintiff's request for prejudgment interest should be granted and the amount awarded should be $64,216.14 plus interest accrued since August 20, 2001, that plaintiff's request for a statutory penalty under Minn. Stat. § 181.14 should be granted, and the amount awarded should be $36,885.94, and that plaintiff's request for attorneys' fees should be granted and the amount awarded should be $91,780.50. Defendant now objects to these recommendations. After a de novo

FILED 10-17-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 10-17-01
Deputy Clerk's Initials ______

review of the record, the court adopts the magistrate judge's recommendations.

The court concurs with the magistrate judge's conclusion that plaintiff satisfies the standard for prejudgment interest under the common law because the amount in controversy was readily ascertainable and has been ascertained. The evidentiary record and the law of the cause support plaintiff's position that he was due $124,679.00 on July 31, 1998; $124,679.00 on October 31, 1998; and $229,351.00 on January 31, 1999. Accordingly, the court concludes that the prejudgment interest must be calculated from those dates.

The court also agrees with the magistrate judge that defendant is subject to a statutory penalty under Minn. Stat. § 181.14, subd. 2. Defendant argues that this statute does not allow for a statutory penalty if an employer makes a good faith tender. This statute, however, only places an upper limit on an employer's liability if the employer makes a good faith tender and if the employee does not recover a greater amount in a court action. See Minn. Stat. § 181.14, subd. 3. Thus, this statute clearly allows for the penalty provided by subdivision 2, even in cases where an employer makes a good faith tender.

Finally, the court agrees with the magistrate judge's recommendation that attorneys' fees should be awarded to plaintiff pursuant to Minn. Stat. § 181.171, subd. 3. Defendant

erroneously argues that this statute, by its terms, does not permit an award of attorneys' fees. The statute, however, does allow an employee to recover attorneys' fees and does not exempt an employer from paying attorneys' fees just because the employer made a good faith tender.

Accordingly, after conducting a de novo review of the filc and record, the court adopts the magistrate judge's report and recommendation in its entirety.

Therefore, **IT IS HEREBY ORDERED** that

(1) The request for entry of the summary judgment order [Docket No. 38] is **DENIED AS MOOT**,

(2) The request for commissions is **GRANTED**, and the amount awarded to plaintiff is $478,709.00,

(3) The request for prejudgment interest is **GRANTED**, and the amount awarded should be $64,216.14 plus interest accrued since August 20, 2001,

(4) The request for a statutory penalty under Minn. Stat. § 181.14 is **GRANTED**, and the amount awarded is $36,885.94,

(5) The request for attorneys' fees is **GRANTED**, and the amount awarded is $91,780.50, and

(6) The request for costs is **GRANTED**, and the amount awarded is $28,226.27.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 16, 2001.

David S. Doty, Judge
United States District Court

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.