**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**DONALD G. COUSINEAU,**

Plaintiff,

v.

**NORSTAN, INC.,**

Defendant.

Civil No. 00-1113 (PAM/JGL)

**ORDER**

APPEARANCES

Nicholas May, Esq., for Plaintiff.

Martin Carlson, Esq., for Defendant.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on October 30, 2001, on Defendant Norstan's Motion Requesting Approval of Supersedeas Bond.

Defendant Norstan asks the Court to stay enforcement of the judgment in this action pending disposition of its appeal to the Eighth Circuit Court of Appeals. Although Plaintiff Cousineau does not contest a stay as long as Norstan posts a supersedeas bond, this Court does not have the authority to stay a judgment of the District Court. This portion of Norstan's motion is therefore stricken.

FILED 10-30-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Norstan also asks the Court to determine the amount of the supersedeas bond it intends to post. Norstan proposes a bond in the amount of $713,982.05, which includes the judgment amount and six months interest. Norstan calculated the interest beginning August 20, 2001, the date through which the District Court calculated interest in its October 16, 2001 order. Cousineau requests that the bond amount be increased to include attorneys' fees, costs on appeal, and additional interest. Cousineau suggests that the bond also should include interest payments from August 20, 2001 to the present date, plus an additional six months interest. Cousineau proposes a bond in the amount of $759,569.04.

The Court finds that the amount of the supersedeas bond should be $759,569.04. The sum should include attorneys' fees and costs on appeal. See Fed. R. App. P. 7 ("In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.") (emphasis added); N. River Ins. Co. v. Greater N.Y. Mut. Ins. Co., 895 F. Supp. 83, 84-85 (E.D. Pa. 1995); Conopco, Inc. v. May Dep't Stores Co., 797 F. Supp. 740, (E.D. Mo. 1992); Avirgan v. Hull, 125 F.R.D. 185, 188 (S.D. Fla. 1989). Norstan cites Securities and Exchange Commission v. O'Hagan, 901 F. Supp. 1476 (D. Minn. 1995), for the proposition that the amount of the bond should include only the judgment amount plus costs. See id. at 1480. However, there is no indication that the

appellee in O'Hagan asked the court to include appellate attorneys' fees in the amount of the bond, nor does the court in O'Hagan acknowledge that interest should be included in the amount of the bond, which is an axiom Norstan does not contest.

In addition, the Court finds that the additional interest amount requested by Cousineau is reasonable given that the District Court calculated interest only until August 20, 2001, and the appeal will likely go beyond 180 days from the present date.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Norstan's Motion Requesting Approval of Supersedeas Bond (Doc. No. 58) is **STRICKEN IN PART** as to its request for a stay of the judgment and **GRANTED IN PART** as to its request for a determination of the amount of the supersedeas bond. The amount of the bond should be $759,569.04.

Dated: October___, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge