**BOND NO. GRMN19167A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Case No.: 00-CV-1113 DSD/JGL

Donald G. Cousineau,

Plaintiff,

v.

Norstan, Inc.,

Defendant.

**SUPERSEDEAS BOND**

KNOW BY THESE PRESENTS:

That Defendant, Norstan, Inc., as principal, and Granite Re, Inc., as Surety, are held and truly bound unto Plaintiff, Donald G. Cousineau, in the penal sum of Seven Hundred Fifty Nine Thousand Five Hundred Sixty Nine Dollars and Four Cents ($759,569.04), lawful money of the United States of America, for the payment of which we bind ourselves, jointly and severally, and our respective successors and assigns.

The condition of this obligation is such that:

WHEREAS, on October 17, 2001, a judgment and decree was entered by the above Court in the above-referenced matter in favor of Plaintiff and against the Defendant, a copy of which is attached hereto as Exhibit A and by this reference made a part hereof; and,

WHEREAS, Defendant has filed a Notice of Appeal and the appeal is now pending; and,

WHEREAS, the above Court has fixed the amount of the Supersedeas Bond as $759,569.04 by Order dated October 30, 2001, a copy of which is attached hereto as Exhibit B and by this reference made a part hereof.

NOW THEREFORE, if the decision of the above entitled Court be affirmed, and if Defendant complies with that Judgment and pays to Plaintiff all costs and damages finally adjudged against it, then this obligation shall be void; otherwise it shall remain in full force and effect.

Norstan, Inc. (Principal)
5101 Shady Oak Road
Minnetonka, MN 55345

By: [signature]

Its: Robert J. Vold, Vice Pres., Corporate Controller

Subscribed and sworn to before me
this 9 day of Nov., 2001

[signature]
Notary Public

KAY E. BLOOM
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2005

Granite Re, Inc., (Surety)
10804 Quail Plaza Dr., Ste. 200
Oklahoma City, OK 73120

By: [signature]

Its: Jonathan Pate, Attorney-in-Fact

Subscribed and sworn to before me
this 9th day of November, 2001

[signature]
Notary Public

WANDA LEE ESPE
Notary Public
Minnesota
My Commission Expires Jan. 31, 2005

APPROVED ~~this~~ 21 ~~day of~~ Nov., 2001.

[signature]

~~Honorable Jonathan G. Lebedoff~~
United States ~~Magistrate~~ Judge

FILED 11-21-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1113 (DSD/JGL)

Donald G. Cousineau,

Plaintiff,

v. **ORDER**

Norstan, Inc.,

Defendant

James H. Kaster, Esq., Nicholas G.B. May, Esq., and Nichols, Kaster & Anderson, 4644 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, counsel for plaintiff.

Patricia A. Bloodgood, Esq., Eric C. Tostrud, Esq., and Lockridge Grindal Nauen, 100 Washington Avenue South, Suite 200, Minneapolis, MN 55401, counsel for defendant.

This matter is before the court on defendant's objections to Magistrate Judge Jonathan Lebedoff's report and recommendation, dated September 10, 2001 [Docket No. 52]. In his report, the magistrate judge recommended that plaintiff's request for prejudgment interest should be granted and the amount awarded should be $64,216.14 plus interest accrued since August 20, 2001, that plaintiff's request for a statutory penalty under Minn. Stat. § 181.14 should be granted, and the amount awarded should be $36,885.94, and that plaintiff's request for attorneys' fees should be granted and the amount awarded should be $91,780.50. Defendant now objects to these recommendations. After a de novo

FILED 10-17-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 10-17-01
Deputy Clerk's Initials ______

review of the record, the court adopts the magistrate judge's recommendations.

The court concurs with the magistrate judge's conclusion that plaintiff satisfies the standard for prejudgment interest under the common law because the amount in controversy was readily ascertainable and has been ascertained. The evidentiary record and the law of the cause support plaintiff's position that he was due $124,679.00 on July 31, 1998; $124,679.00 on October 31, 1998; and $229,351.00 on January 31, 1999. Accordingly, the court concludes that the prejudgment interest must be calculated from those dates.

The court also agrees with the magistrate judge that defendant is subject to a statutory penalty under Minn. Stat. § 181.14, subd. 2. Defendant argues that this statute does not allow for a statutory penalty if an employer makes a good faith tender. This statute, however, only places an upper limit on an employer's liability if the employer makes a good faith tender <u>and</u> if the employee does not recover a greater amount in a court action. <u>See</u> Minn. Stat. § 181.14, subd. 3. Thus, this statute clearly allows for the penalty provided by subdivision 2, even in cases where an employer makes a good faith tender.

Finally, the court agrees with the magistrate judge's recommendation that attorneys' fees should be awarded to plaintiff pursuant to Minn. Stat. § 181.171, subd. 3. Defendant

erroneously argues that this statute, by its terms, does not permit an award of attorneys' fees. The statute, however, does allow an employee to recover attorneys' fees and does not exempt an employer from paying attorneys' fees just because the employer made a good faith tender.

Accordingly, after conducting a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation in its entirety.

Therefore, **IT IS HEREBY ORDERED** that

(1) The request for entry of the summary judgment order [Docket No. 38] is **DENIED AS MOOT,**

(2) The request for commissions is **GRANTED,** and the amount awarded to plaintiff is $478,709.00,

(3) The request for prejudgment interest is **GRANTED,** and the amount awarded should be $64,216.14 plus interest accrued since August 20, 2001,

(4) The request for a statutory penalty under Minn. Stat. § 181.14 is **GRANTED,** and the amount awarded is $36,885.94,

(5) The request for attorneys' fees is **GRANTED,** and the amount awarded is $91,780.50, and

(6) The request for costs is **GRANTED,** and the amount awarded is $28,226.27.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 16, 2001.

David S. Doty, Judge
United States District Court

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**DONALD G. COUSINEAU,**

Plaintiff,

v.

**NORSTAN, INC.,**

Defendant.

Civil No. 00-1113 (PAM/JGL)

**ORDER**

---

APPEARANCES

Nicholas May, Esq., for Plaintiff.

Martin Carlson, Esq., for Defendant.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on October 30, 2001, on Defendant Norstan's Motion Requesting Approval of Supersedeas Bond.

Defendant Norstan asks the Court to stay enforcement of the judgment in this action pending disposition of its appeal to the Eighth Circuit Court of Appeals. Although Plaintiff Cousineau does not contest a stay as long as Norstan posts a supersedeas bond, this Court does not have the authority to stay a judgment of the District Court. This portion of Norstan's motion is therefore stricken.

FILED 10-30-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Norstan also asks the Court to determine the amount of the supersedeas bond it intends to post. Norstan proposes a bond in the amount of $713,982.05, which includes the judgment amount and six months interest. Norstan calculated the interest beginning August 20, 2001, the date through which the District Court calculated interest in its October 16, 2001 order. Cousineau requests that the bond amount be increased to include attorneys' fees, costs on appeal, and additional interest. Cousineau suggests that the bond also should include interest payments from August 20, 2001 to the present date, plus an additional six months interest. Cousineau proposes a bond in the amount of $759,569.04.

The Court finds that the amount of the supersedeas bond should be $759,569.04. The sum should include attorneys' fees and costs on appeal. See Fed. R. App. P. 7 ("In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.") (emphasis added); N. River Ins. Co. v. Greater N.Y. Mut. Ins. Co., 895 F. Supp. 83, 84-85 (E.D. Pa. 1995); Conopco, Inc. v. May Dep't Stores Co., 797 F. Supp. 740, (E.D. Mo. 1992); Avirgan v. Hull, 125 F.R.D. 185, 188 (S.D. Fla. 1989). Norstan cites Securities and Exchange Commission v. O'Hagan, 901 F. Supp. 1476 (D. Minn. 1995), for the proposition that the amount of the bond should include only the judgment amount plus costs. See id. at 1480. However, there is no indication that the

appellee in O'Hagan asked the court to include appellate attorneys' fees in the amount of the bond, nor does the court in O'Hagan acknowledge that interest should be included in the amount of the bond, which is an axiom Norstan does not contest.

In addition, the Court finds that the additional interest amount requested by Cousineau is reasonable given that the District Court calculated interest only until August 20, 2001, and the appeal will likely go beyond 180 days from the present date.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Norstan's Motion Requesting Approval of Supersedeas Bond (Doc. No. 58) is **STRICKEN IN PART** as to its request for a stay of the judgment and **GRANTED IN PART** as to its request for a determination of the amount of the supersedeas bond. The amount of the bond should be $759,569.04.

Dated: October ___, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

# GRANITE RE, INC.
# GENERAL POWER OF ATTORNEY

**Know all Men by these Presents:**

That GRANITE RE, INC., a corporation organized and existing under the laws of the State of OKLAHOMA and having its principal office at the City of OKLAHOMA CITY in the State of OKLAHOMA does hereby constitute and appoint:

JONATHAN PATE, WANDA ESPE, TOM LAHL its true and lawful Attorney-in-Fact(s) for the following purposes, to wit:

To sign its name as surety to, and to execute, seal and acknowledge any and all bonds, and to respectively do and perform any and all acts and things set forth in the resolution of the Board of Directors of the said GRANITE RE, INC. a certified copy of which is hereto annexed and made a part of this Power of Attorney; and the said GRANITE RE, INC. through us, its Board of Directors, hereby ratifies and confirms all and whatsoever the said:

JONATHAN PATE, WANDA ESPE, TOM LAHL
may lawfully do in the premises by virtue of these presents.

**In Witness Whereof,** the said GRANITE RE, INC. has caused this instrument to be sealed with its corporate seal, duly attested by the signatures of its Vice President and Secretary/Treasurer, this 14th day of May, 1998.

GRANITE RE, INC. CORPORATE SEAL OKLAHOMA

R. Darryl Fisher, Vice President

Rodman A. Frates, Secretary/Treasurer

STATE OF OKLAHOMA )
) SS:
COUNTY OF OKLAHOMA )

On this 14th day of May 1998, before me personally came R. Darryl Fisher, Vice President of the GRANITE RE, INC. Company and Rodman A. Frates, Secretary/Treasurer of said Company, with both of whom I am personally acquainted, who being by me severally duly sworn, said, that they, the said R. Darryl Fisher and Rodman A. Frates were respectively the Vice President and the Secretary/Treasurer of the GRANITE RE, INC., the corporation described in and which executed the foregoing Power of Attorney; that they each knew the seal of said corporation; that the seal affixed to said Power of attorney was such corporate seal, that it was so fixed by order of the Board of Directors of said corporation, and that they signed their name thereto by like order as Vice President and Secretary/Treasurer, respectively, of the Company.

My Commission Expires:
May 9, 2004

GLENDA LIERLE NOTARY PUBLIC STATE OF OKLAHOMA

Notary Public

**GRANITE RE, INC.**
Certificate

THE UNDERSIGNED, being the duly elected and acting Secretary/Treasurer of Granite Re, Inc., an Oklahoma Corporation, HEREBY CERTIFIES that the following resolution is a true and correct excerpt from the July 15, 1987, minutes of the meeting of the Board of Directors of Granite Re, Inc.

"RESOLVED, that the President, any Vice President, the Secretary, and any Assistant Vice President shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the Company in the course of its business. On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the Company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

IN WITNESS WHEREOF, the undersigned has subscribed this Certificate and affixed the corporate seal of the Corporation this 9th day of November ,2001.

GRANITE RE, INC. CORPORATE SEAL OKLAHOMA

Rodman A. Frates, Secretary/Treasurer

## Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500